UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DARRELL BENJAMIN** | **CASE NO. 6:19-CV-00797** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **CONSOLIDATED GOVERNMENT OF LAFAYETTE ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

### MEMORANDUM RULING

The present matter before the Court in this § 1983 case is a Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. 7] filed by defendants Joshua Stelly, Jarvis Mayfield, Kevin Link, and the Lafayette City-Parish Consolidated Government. As explained below, this motion is GRANTED.

## I.
### BACKGROUND

This § 1983 action arises from an Order for Protective Custody issued by the Lafayette Parish Coroner's Office. The Order was issued August 13, 2018 on the application of Plaintiff Darrell Benjamin's wife, Linda Benjamin.[1] Officers Joshua Stelly and Jarvis Mayfield served the Order for Protective Custody on Mr. Benjamin at his home.[2] Plaintiff has "an amputated leg and a small frame due to difficulty exercising," and is confined to a wheelchair.[3] Plaintiff contends that when the defendant officers served the Order for Protective Custody, he opened the door to the house while he was in his wheelchair, but did not cross the threshold of the door onto his front

---

[1] Complaint at ¶¶ 14-16 [Doc. 1].
[2] *Id.* at ¶¶ 17-18.
[3] *Id.* at ¶¶ 13, 19.

porch.[4] The officers informed Plaintiff about the Order for Protective Custody and asked him "do you want to kill yourself?"[5] Plaintiff alleges that he answered "no" but the officers nevertheless insisted that he accompany them.[6] Plaintiff alleges that a third officer approached him from the front while officers Stelly and Mayfield stood on either side of his wheelchair, which as "a veteran the three-officer formation was intimidating."[7] Plaintiff alleges that he attempted to call the police from his cell phone to avoid being removed from his home.[8] At that point, the three officers, including officers Stelly and Mayfield, "forcibly grabbed [Plaintiff] from his wheelchair and slammed him into the concrete on his front porch."[9] Plaintiff alleges that one of the officers placed his hand on his neck and Plaintiff recalls "hearing the bones creaking in a non-typical manner."[10] Plaintiff was handcuffed and transported to an UHC/UMC.[11] Plaintiff was voluntarily released from UHC/UMC that day.[12] Plaintiff alleges that the actions of the officers "were without provocation and were born of frustration" with Plaintiff, and that their actions were "clearly excessive under the circumstances."[13] Plaintiff alleges that he suffered a shoulder injury as a result of the officers' actions as well as psychological distress, emotional distress, depression, anxiety, and humiliation.[14] Plaintiff then filed the present case asserting claims against officers Joshua

---

[4] *Id.* at ¶ 19.
[5] *Id.* at ¶ 22.
[6] *Id.* at ¶ 23.
[7] *Id.* at ¶ 25.
[8] *Id.* at ¶ 26.
[9] *Id.* at ¶ 27.
[10] *Id.* at ¶ 28.
[11] *Id.* at ¶ 31.
[12] *Id.* at ¶ 32.
[13] *Id.* at ¶¶ 33-34.
[14] *Id.* at ¶¶ 36-37.

Stelly and Jarvis Mayfield as well as the third, unidentified officer on the scene named as "John Doe." Plaintiff also names the Lafayette City-Parish Consolidated Government as an additional defendant. Plaintiff asserts claims under 42 U.S.C. § 1983 and Louisiana State Law against the Defendants.

## II.
### STANDARD OF REVIEW

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id.* at 161–62. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). However, "the court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir.2005).

## III.
### ANALYSIS

Defendants seek dismissal of Plaintiff's claims for punitive damages, arguing: (1) such damages are unavailable against a municipality in a § 1983 action; and (2) such damages are unavailable as to any of the defendants as to Plaintiff's state law claims. [Doc. No. 7-1]. Plaintiff

contends that the motion should be denied as moot because he is not seeking punitive damages against the Lafayette City-Parish Government under § 1983 or state law, and is asserting punitive damages against the officer defendants only in their personal capacity.[15] The Complaint states that it is only asserting claims against the officer defendants in their personal capacity. However, the Complaint does not appear to limit punitive damages with respect to Plaintiff's state law claims or the claims against the Lafayette City-Parish Consolidated Government (the "City-Parish").[16] Accordingly, the Court will address Defendants' motion.

As to any claim for punitive damages under § 1983 against the City-Parish, Defendants argue that the claim is barred under *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). The Court agrees that the punitive damages claims under § 1983 are barred by *City of Newport. Id.; see also Skyy v. City of Arlington*, 712 Fed.Appx. 396, 401 (5th Cir. 2017) ("When this circuit has had occasion to address the issue of punitive damages against a municipality we have faithfully applied *City of Newport*, rejecting attempts to impose punitive damages for constitutional and other violations where Congress has not expressed a clear intention to do so."). Defendants' motion to dismiss is therefore granted with respect to the City-Parish.

As to Plaintiffs' claims brought pursuant to state law, Louisiana law prohibits "punitive or other 'penalty' damages . . . unless expressly authorized by statute." *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 75 (1991). Plaintiffs have identified no Louisiana statutory provision authorizing an award of punitive damages for their state law claims. Accordingly, they cannot recover punitive damages for those claims as a matter of law.

---

[15] Plaintiff's Response to Defendants' Motion to Dismiss at 2 [Doc. 11].
[16] Complaint at 1, 8 [Doc. 1].

## IV.
### CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Penalty, Punitive, or Exemplary Damages [Doc. No. 7] is **GRANTED** as follows: any claim for punitive damages asserted under 42 U.S.C. § 1983 against the Lafayette City-Parish Consolidated Government is **DISMISSED WITH PREJUDICE**, and any claims for punitive damages against all Defendants pursuant to Louisiana state law are **DISMISSED WITH PREJUDICE**.

THUS DONE AND SIGNED in Chambers on this \_\_\_3rd\_\_\_ day of February, 2020.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE